UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENT LEROY CHILDS,

     Plaintiff,

v.

                         Case No. 17-cv-12482
                         Honorable Linda V. Parker
                         Magistrate Judge Elizabeth A.
                         Stafford

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.
_____/

## OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S AUGUST 3, 2018 REPORT AND RECOMMENDATION (ECF NO. 25) AND (2) ADOPTING MAGISTRATE JUDGE'S AUGUST 3, 2018 REPORT AND RECOMMENDATION (ECF No. 22) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 20) AND DENYING PLAINTIFF'S MOTION TO REMAND (ECF NO. 15)

On August 1, 2017, Plaintiff Kent L. Childs initiated this lawsuit against

Defendant Commissioner of Social Security[1] appealing the final decision of

Defendant, which denied his application for disability insurance benefits (DIB)

under the Social Security Act. (ECF No. 1.) On August 2, 2017, this matter was

referred to Magistrate Judge Stafford for all pretrial matters pursuant to 28 U.S.C.

_____

[1] For purposes of this Opinion and Order, "Defendant" will refer to the
Commissioner of Social Security.

1

§ 636(b)(1)(B).  (ECF No. 3.)  Both parties filed summary judgment motions.  (ECF Nos. 15, 20.)  On August 3, 2018, Magistrate Judge Stafford issued a report and recommendation ("R&R") recommending that this Court grant Defendant's motion for summary judgement and deny Plaintiff's motion to remand.  (ECF No. 22.)  At the conclusion of the R&R, Magistrate Judge Stafford informed the parties that they must file any objections to the R&R within fourteen days.  This Court later granted in part Plaintiff's motion to extend time to file objections, permitting Plaintiff to file his objections by August 31, 2018.  (ECF No. 24.)  Plaintiff filed objections on August 31, 2018.  (ECF No. 25.)  Subsequently, Defendant filed a reply to Plaintiff's objections on September 6, 2018.  (ECF No. 26.)

## Standard of Review

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).

Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Analysis

The Court has reviewed Plaintiff's objections to Magistrate Judge Stafford's R&R and rejects them.

First, Plaintiff objects that the R&R fails to address evidence of Plaintiff's "substantial weakness" in his arm after two rounds of physical therapy. (ECF No. 25 at PgID 1222-24.) This objection, however, does not provide a basis for the Court to reject the R&R. As Magistrate Judge Stafford concluded, substantial evidence supports the ALJ's residual functional capacity ("RFC") determination that Plaintiff was capable of "medium work" with limitation, and Plaintiff's alleged limitations are not sustained by the medical evidence. (ECF No. 22 at PgID 1198, 1203-04.) Plaintiff's claim that the ALJ failed "to link the evidence" is unfounded. (ECF No. 25 at PgID 1224.) Again, as Magistrate Judge Stafford concluded, "[t]he ALJ [] cited to each medical record on which the complaints and findings Child's cites were documented, suggesting that she considered [them]." (ECF No. 22 at PgID 1205.) Notwithstanding the Court's requisite deference to the ALJ's decision even in light of substantial evidence that would have supported an opposite conclusion, Plaintiff has not provided sufficient evidence to support his

alleged limitations and overcome the substantial evidence that supports the ALJ's decision. Therefore, the Court rejects Plaintiff's first objection.

Second, Plaintiff objects that the R&R did not ensure the ALJ applied the correct legal standard in evaluating the opinion of Plaintiff's treating physician, Naveed Mahfooz, M.D. However, the Commissioner is entitled to weigh the medical opinion of a treating source, discounting its weight when there is evidence of inconsistencies in the claimant's record. *See* 20 C.F.R. § 404.1527(c)(2); 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight [will be given] to that opinion."). As Magistrate Judge Stafford concluded, there was substantial evidence and the ALJ provided good reasons to support the ALJ's decision to afford partial weight to Dr. Mahfooz's medical opinion. (ECF No. 22 at PgID 1207-08.) Therefore, the Court rejects Plaintiff's second objection.

Lastly, Plaintiff objects to the R&R's finding that Plaintiff lacked "good cause" for his failure to incorporate new evidence into the record in a prior proceeding. The good cause requirement is met when evidence arises from *continuing medical treatment*. (ECF No. 22 at PgID 1214.) As Magistrate Judge Stafford concluded, "Dr. Mahfooz's January 2017 statement looked *backward*." (*Id*. emphasis added.) Plaintiff failed to demonstrate good cause because the

evidence presented did not arise from continuing medical treatment. Therefore, the Court rejects Plaintiff's third and final objection.

The Court, therefore, is rejecting Plaintiff's objections to Magistrate Judge Stafford's R&R and adopting the R&R, which grants Defendant's motion for summary judgment and denies Plaintiff's motion to remand thereby affirming the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g).

Accordingly,

**IT IS ORDERED** that the Court **REJECTS** Plaintiff's objections (ECF No. 25) and **ADOPTS** Magistrate Judge Elizabeth A. Stafford's August 3, 2018 Report and Recommendation (ECF No. 22); and

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security's Motion for Summary Judgment (ECF No. 20) is **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (ECF No. 15) is **DENIED**; and

**IT IS FURTHER ORDERED** that the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 20, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 20, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager